

## JKG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**
JUN 1 8 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| JAMES SANFORD,<br>6434 Bright Bay Court, Apollo Beach, FL, 33572<br><br>CORSAN TECHNOLOGIES, INC.,<br>1879 Old Cuthbert Rd., Building 14,<br>Cherry Hill, NJ 08034,<br><br>and<br><br>ELITE MANAGEMENT, INC.,<br>1879 Old Cuthbert Rd., Building 14,<br>Cherry Hill, NJ 08034<br><br>Plaintiffs,<br>v.<br><br>MICHAEL CICCONE,<br>3846 Jordan Road, Orefield, PA, 18069<br><br>and<br><br>STEVEN KOLBE,<br>3115 Grist Mill Road, Orefield, PA, 18069<br><br>and<br><br>COPLAY QUARRY, LLC,<br>5101 Beekmantown Road, Whitehall, PA 18052<br><br>and<br><br>COPLAY AGGREGATES, INC.,<br>5101 Beekmantown Road, Whitehall, PA 18052<br><br>Defendants. | Civ. A. No. 08cv2849<br><br>**JURY TRIAL DEMANDED** |

1

## COMPLAINT

Plaintiffs James Sanford ("Sanford"), Corsan Technologies, Inc. ("Corsan"), and Elite Management, Inc. ("Elite") (collectively, Sanford, Corsan and Elite may be referred to as "Plaintiffs") by way of Complaint against defendants Michael Ciccone ("Ciccone") and Steven Kolbe ("Kolbe"), Coplay Quarry, LLC, and Coplay Aggregates, Inc. (collectively, Coplay Quarry, LLC and Coplay Aggregates, Inc. may be referred to as "Coplay") (collectively, Ciccone, Kolbe and Coplay may be referred to as "Defendants") say:

## THE PARTIES

1. Plaintiff Sanford is an adult individual residing at 6434 Bright Bay Court, Apollo Beach, Florida. Sanford is a resident and citizen of the State of Florida.

2. Plaintiff Corsan is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business being in New Jersey located at 1879 Old Cuthbert Rd., Building 14, Cherry Hill, NJ 08034. Corsan, therefore, is a citizen of the State of New Jersey.

3. Plaintiff Elite is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business being in New Jersey, located at 1879 Old Cuthbert Rd., Building 14, Cherry Hill, NJ 08034, New Jersey. Elite, therefore, is a citizen of the State of New Jersey.

4. Defendant Ciccone is an adult individual residing at 3846 Jordan Road, Orefield, Pennsylvania. Upon information and belief, Ciccone is a resident and citizen of the Commonwealth of Pennsylvania.

5. Defendant Kolbe is an adult individual residing at 3115 Grist Mill Road, Orefield, Pennsylvania. Upon information and belief, Kolbe is a resident and citizen of the Commonwealth of Pennsylvania.

6. Upon information and belief, Defendants Coplay Quarry, LLC and Coplay Aggregates, Inc. are Pennsylvania entities with their principal place of business being 5101 Beekmantown Road, Whitehall, Pennsylvania and are citizens of Pennsylvania that are controlled by Ciccone and Kolbe. These entities either have ownership interests in the property that is the subject of this litigation (in violation of certain agreements, as alleged further below, between Sanford and Ciccone and Kolbe) or will be utilized to solicit Plaintiffs' customers and/or to disparage Plaintiffs to its customers, as alleged further below.

## JURISDICTION AND VENUE

7. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs.

8. This Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because Plaintiffs, on the one hand, and Defendants, on the other hand, are citizens of different states.

9. Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendants are subject to personal jurisdiction in this District and because a substantial part of the events, acts and/or omissions giving rise to Plaintiffs' claims, including the property that is the subject of the claims, occurred and are present in this District.

## BACKGROUND FACTS COMMON TO ALL COUNTS

10. On or around early 2006, Sanford, Ciccone and Kolbe entered into a written contract (the "Option Agreement") whereby, in consideration for initial payments consisting of Two Hundred Thousand Dollars ($200,000), Ciccone and Kolbe granted Sanford an option to acquire a fifty percent (50%) interest in a certain quarry composed of three tracts of land containing approximately ninety-eight (98) acres located in the Township of Whitehall, Lehigh County, Commonwealth of Pennsylvania (the "Coplay Quarry").

3

11. Sanford's option may be exercised by way of a total payment to Ciccone and Kolbe of Three Million Dollars ($3,000,000) (subject to a credit for the initial Two Hundred Thousand Dollars ($200,000) payments and a One Dollar ($1.00) per ton credit for every ton of fill disposed of at the Coplay Quarry pursuant to the Option Agreement).

12. Pursuant to the Option Agreement, Sanford was also provided the exclusive right to dump "Clean Fill" into the Coplay Quarry. In connection with the right to dump "Clean Fill" into the Coplay Quarry, Sanford was required to guarantee that a minimum of one hundred thousand (100,000) tons of "Clean Fill" per year was brought to the Coplay Quarry at a cost of Three Dollars ($3.00) per ton dumped at the quarry.

13. One-Third (1/3) of the Three Dollar ($3.00) dumping fee was to be credited against the purchase price should Sanford exercise his option to purchase his interest in the Coplay Quarry under the Option Agreement. To date, approximately Eight Hundred Thousand Dollars ($800,000) worth of credits have accrued to be applied against the purchase price.

14. Pursuant to the Option Agreement, Sanford has five years to exercise his option to purchase his interest in the Coplay Quarry unless the Pennsylvania Department of Environmental Protection ("DEP") approves the dumping of "Regulated Fill" at the Coplay Quarry, in which case the option period shall be limited to ninety (90) days from the date of the DEP's "Regulated Fill" approval. To date, the DEP has not approved the dumping of "Regulated Fill" at the Coplay Quarry.

15. On behalf of Sanford, Elite has managed the dumping of "Clean Fill" at the Coplay Quarry by various entities pursuant to and in accordance with the Option Agreement.

16. On behalf of Sanford, Corsan has solicited business from various entities to dispose of "Clean Fill" at the Coplay Quarry.

17. Before and after the Option Agreement was entered into, the Coplay Quarry was required to be remediated in accordance with the requirements of the DEP. In connection with such remediation, the Option Agreement provided that Sanford would be responsible for fifty percent (50%) of the related expenses and losses, as well as fines. Ciccone and Kolbe were responsible under the Option Agreement for the other fifty percent (50%) of the remediation costs, as well as fines.

18. However, Sanford paid virtually the entire amount of those cleanup costs, to the direct financial benefit of the Defendants. By way of an agreement between Sanford and Ciccone and Kolbe, it was agreed that this contribution by Sanford constitutes the remainder of any portion of the Two Hundred Thousand Dollar ($200,000) initial payment remaining due under the Option Agreement.

19. In or around late 2007, Sanford sent a Letter of Intent to Ciccone and Kolbe expressing his desire to exercise his rights under the Option Agreement to purchase the fifty percent (50%) interest in the Coplay Quarry and, in addition, to purchase the remaining fifty percent (50%) interest in the Coplay Quarry not covered by the Option Agreement.

20. In an apparent effort to secure leverage for the negotiations, Ciccone and Kolbe responded by insisting, for the first time, that the Option Agreement was no longer in force or effect, and they demanded a purchase offer without regard for the terms of the Option Agreement.

21. Although Sanford disagreed with the position taken by Ciccone and Kolbe, he continued his negotiations with Ciccone and Kolbe in the hopes of avoiding an unnecessary dispute about the Option Agreement.

22. Plaintiffs further continued to operate the Coplay Quarry in accordance with the terms of the Option Agreement without protest by Defendants. In the past year alone, Plaintiffs have caused to be deposited at the Coplay Quarry approximately four hundred thousand (400,000) tons. Ciccone and Kolbe were paid, and retained for their benefit, a total of approximately One Million Two Hundred Thousand Dollars ($1,200,000) last year, at Three Dollars ($3.00) per ton. As a consequence, the Defendants are equitably estopped from denying that the Option Agreement continues in force and effect.

23. As a result of those negotiations, in or around early 2008, Sanford and Ciccone and Kolbe entered into an agreement that Sanford would pay to Ciccone and Kolbe the sum of Five Million Dollars ($5,000,000) as the net purchase price, without offsets, for one hundred percent (100%) fee ownership of the Coplay Quarry ("Purchase Agreement"). It was further agreed that Defendants would not compete with Plaintiffs in the soil removal, transportation or disposal business following closing of the sale of the Coplay Quarry to Sanford. It was also agreed that the parties would continue to operate under the terms of the Option Agreement until the closing of the sale pursuant to the Purchase Agreement.

24. Ciccone and Kolbe, however, have reneged on the Purchase Agreement and have again maintained that the Option Agreement is no longer in force or effect.

25. Further, Ciccone and Kolbe contend that, because the Option Agreement is no longer in force or effect, Sanford has forfeited nearly eight hundred thousand dollars ($800,000) in contribution towards the purchase price under the Option Agreement.

26. Further, after rejecting Sanford's offer to continue making payments under the Option Agreement but to place the One Dollar ($1.00) per ton credit into an escrow account pending resolution of the parties' dispute, Defendants have now—as of as of June 17, 2008 --

barred Plaintiffs from entry to the Coplay Quarry. Sanford, therefore, is unable to exercise his exclusive rights at the Coplay Quarry.

27. This action is a direct breach by Defendants of the Plaintiffs' rights under the Option Agreement.

28. Defendants, including, upon information and belief, Coplay, have further threatened and seek to operate the Coplay Quarry themselves and to solicit Plaintiffs' customers to that end. Further, Defendants, including, upon information and belief, Coplay, have threatened and seek to contact Plaintiffs' customers to demand payment of the sums which it contends are owed to them by Plaintiffs, thereby disparaging Plaintiffs in the eyes of Plaintiffs' customers.

29. As a result of Defendants' actions, Plaintiffs have lost, and will continue to lose, revenue in connection with the dumping of "Clean Fill" at the Coplay Quarry, and have suffered, and will continue to suffer, harm to their reputations with their customers and associated good will.

30. Pennsylvania law governs the Option Agreement and the Purchase Agreement.

31. To protect his rights under the Purchase Agreement and the Option Agreement, Sanford has, or will shortly, cause to be filed and indexed a lis pendens against the Property.

32. Sanford has substantially complied with his obligations under the Option Agreement and the Purchase Agreement, including, inter alia, the requirements to make initial payments of Two Hundred Thousand Dollars ($200,000) to secure the option and to secure an insurance policy providing coverage in the event that the "Clean Fill" does not meet the requirements of a Consent Order between Defendants and the DEP for clean fill material deposited at the quarry.

33. All conditions precedent to the purchase of the Coplay Quarry under the Purchase Agreement and/or the exercise of the option under the Option Agreement have been met.

34. Sanford is ready, willing and able to purchase the Coplay Quarry as agreed by the parties.

35. As a matter of law, Sanford is entitled to specific performance of the Purchase Agreement. Further, and in the alternative, to the extent that the Court may find that the Purchase Agreement is invalid, the Option Agreement provides Sanford with the right to specific performance of its terms.

## COUNT I
## (INJUNCTION)

36. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs as if set forth here in full.

37. Defendants' acts and omissions are causing immediate and irreparable harm to Plaintiffs. Plaintiffs will continue to suffer irreparable harm unless the Defendants are enjoined, preliminarily and permanently, from breaching the Purchase Agreement and the Option Agreement by barring Plaintiffs' access to the Coplay Quarry.

38. Injunctive relief will preserve the status quo and prevent the greater harm –the destruction of Plaintiffs' good will and business enterprise relating to the Coplay Quarry and the opportunity to purchase unique real estate.

39. Plaintiffs' rights are clear and the chances for Plaintiffs' success on the merits of the claims are strong.

40. The relief requested is reasonably suited to the wrong, i.e. the contract breaches perpetrated upon Plaintiffs by Defendants.

WHEREFORE, Plaintiffs James Sanford, Corsan Technologies, Inc., and Elite Management, Inc. demand judgment against Defendants Michael Ciccone, Steven Kolbe, Coplay Quarry, LLC, and Coplay Aggregates, Inc. and respectfully pray that the Court:

(a) enter an Order preliminarily and permanently enjoining Defendants from selling, divesting, encumbering or otherwise transferring the Coplay Quarry;

(b) enter an Order preliminarily and permanently enjoining Defendants to permit Plaintiffs access to the Coplay Quarry to operate their business there in accordance with terms of the Option Agreement;

(c) enter an Order preliminarily and permanently enjoining Defendants from competing with Plaintiffs in the soil disposal business;

(d) enter an Order preliminarily and permanently enjoining Defendants from contacting Plaintiffs' customers to solicit their business in connection with the Coplay Quarry or any other facility where "Clean Fill" may be deposited; and

(e) award Plaintiffs such other and further relief as the Court may deem equitable, just and proper, including the award of costs, expenses, and reasonable attorneys' fees incurred by plaintiff in this action.

## COUNT II
### (DECLARATORY JUDGMENT)

41. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs as if set forth here in full.

42. An actual, existing and bona fide controversy exists, is imminent or is inevitable between the parties to this action as to their legal relations in respect of the Option Agreement and the Purchase Agreement and the existence and continuing viability thereof. The rights of the parties under these contracts can be determined only by a declaratory judgment.

43. Pursuant to § 7534 of the Pennsylvania Declaratory Judgments Act, a contract may be construed either before or after there has been a breach thereof.

44. Under these circumstances, it is necessary and appropriate for the Court to declare the parties' rights and duties under the Contract.

WHEREFORE, pursuant to the Pennsylvania Declaratory Judgments Act, 42 Pa. C.S.A. §§ 7531 - 7541, Plaintiffs James Sanford, Corsan Technologies, Inc., and Elite Management, Inc. demand judgment against Defendants Michael Ciccone, Steven Kolbe, Coplay Quarry, LLC and Coplay Aggregates, Inc. and respectfully pray that the Court:

(a) enter a declaratory judgment ordering and decreeing that an enforceable and binding Option Agreement exists between Plaintiff Sanford and Defendants Ciccone and Kolbe;

(b) enter a declaratory judgment ordering and decreeing that an enforceable and binding Purchase Agreement exists between Plaintiff Sanford and Ciccone and Kolbe;

(c). enter a declaratory judgment ordering and decreeing that Defendants shall be required to perform in accordance with the Purchase Agreement, including but not limited to, Defendants' obligations under the Purchase Agreement not to compete with Plaintiffs in the soil removal, transportation or disposal business; and

(d) award Plaintiffs such other and further relief as the Court may deem equitable, just and proper, including the award of costs, expenses, and reasonable attorneys' fees incurred by plaintiff in this action.

## COUNT III
### (BREACH OF PURCHASE AGREEMENT)

45. Plaintiffs incorporate herein by reference the allegations in the preceding paragraphs as if set forth here in full.

46. Defendants' aforesaid conduct constitutes an anticipatory breach of contract of the Purchase Agreement.

47. As a result of Defendants' material breach of the Purchase Agreement, Plaintiffs have suffered, and will continue to suffer, substantial damages.

WHEREFORE, Plaintiffs James Sanford, Corsan Technologies, Inc., and Elite Management, Inc. demand judgment against Defendants Michael Ciccone, Steven Kolbe, Coplay Quarry, LLC and Coplay Aggregates, Inc. and respectfully pray that the Court:

(a) order specific performance of the Purchase Agreement and direct Defendants to sell the Coplay Quarry to Plaintiff Sanford in accordance with the terms thereof and to otherwise perform in accordance with the Purchase Agreement, including but not limited to, Defendants' obligations under the Purchase Agreement not to compete with Plaintiffs in the soil removal, transportation or disposal business;

(b) award Plaintiffs actual damages, including nominal, compensatory and/or consequential damages, in an amount to be determined at trial;

(c) award Plaintiffs pre-and post-judgment interest in an amount to be determined at trial; and

(d) award Plaintiffs such other and further relief as the Court may deem equitable, just and proper, including the award of costs, expenses, and reasonable attorneys' fees incurred by plaintiff in this action.

### COUNT IV
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING CONTAINED IN PURCHASE AGREEMENT)

48. Plaintiffs incorporate herein by reference the allegations in the preceding paragraphs as if set forth here in full.

49. Under Pennsylvania law, a covenant of good faith and fair dealing in the performance and enforcement of a contract is implied in every contract and exists in the Purchase Agreement.

50. By engaging in the above-said conduct, Defendants have materially breached the implied covenant of good faith and fair dealing.

51. As a result of Defendants' breach of the Purchase Agreement, Plaintiffs have suffered, and will continue to suffer, substantial damages.

WHEREFORE, Plaintiffs James Sanford, Corsan Technologies, Inc., and Elite Management, Inc. demand judgment against Defendants Michael Ciccone, Steven Kolbe, Coplay Quarry, LLC and Coplay Aggregates, Inc. and respectfully pray that the Court:

(a) order specific performance of the Purchase Agreement and direct Defendants to sell the Coplay Quarry to Plaintiff Sanford in accordance with the terms thereof and to otherwise perform in accordance with the Purchase Agreement, including but not limited to, Defendants' obligations under the Purchase Agreement not to compete with Plaintiffs in the soil removal, transportation or disposal business;

(b) award Plaintiffs actual damages, including nominal, compensatory and/or consequential damages, in an amount to be determined at trial;

(c) award Plaintiffs pre-and post-judgment interest in an amount to be determined at trial; and

(d) award Plaintiffs such other and further relief as the Court may deem equitable, just and proper, including the award of costs, expenses, and reasonable attorneys' fees incurred by plaintiff in this action.

## COUNT V
### (BREACH OF OPTION AGREEMENT)

52. Plaintiffs incorporate herein by reference the allegations in the preceding paragraphs as if set forth here in full.

53. Defendants' aforesaid conduct in barring access to the Coplay Quarry to Plaintiffs constitutes a breach of contract of the Option Agreement, which was to remain in full force and effect until the closing of the Purchase Agreement.

54. Further, and in the alternative, the extent that the Court may find that the Purchase Agreement is invalid, Defendants' aforesaid conduct further constitutes an anticipatory breach of the Option Agreement.

55. As a result of Defendants' material breaches of the Option Agreement, Plaintiffs have suffered, and will continue to suffer, substantial damages.

WHEREFORE, Plaintiffs James Sanford, Corsan Technologies, Inc., and Elite Management, Inc. demand judgment against Defendants Michael Ciccone, Steven Kolbe, Coplay Quarry, LLC and Coplay Aggregates, Inc. and respectfully pray that the Court:

(a) order specific performance of the Option Agreement and direct Defendants to provide access to the Coplay Quarry to Plaintiffs in accordance with the terms thereof and, alternatively, to further order Defendants to sell a fifty-percent (50%) interest in the Coplay Quarry to Plaintiff Sanford in accordance with the terms of the Option Agreement;

(b) award Plaintiffs actual damages, including nominal, compensatory and/or consequential damages, in an amount to be determined at trial;

(c) award Plaintiffs pre-and post-judgment interest in an amount to be determined at trial; and

(d) award Plaintiffs such other and further relief as the Court may deem equitable, just and proper, including the award of costs, expenses, and reasonable attorneys' fees incurred by plaintiff in this action.

## COUNT VII
### (Unjust Enrichment)

60. Plaintiffs incorporate herein by reference the allegations in the preceding paragraphs as if set forth here in full.

61. In the alternative, Plaintiffs performed services for, and conferred significant benefits on Defendants by, <u>inter alia</u>, the payment by Plaintiffs of virtually all of the cleanup costs of the quarry in accordance with the requirements of the DEP, which benefits were accepted and retained by Defendants, and by the payment by Plaintiffs to the Defendants of the Three Dollars ($3.00) per ton dumping fee, One Dollar ($1.00) of which was to be applied to the exercise price under the Option Agreement.

62. Defendants were aware that Plaintiffs provided such services and/or benefits and that such services and/or benefits had significant economic value. Defendants have been unjustly enriched by their retention of these benefits without reimbursing Plaintiffs for them.

WHEREFORE, Plaintiffs James Sanford, Corsan Technologies, Inc., and Elite Management, Inc. demand judgment against Defendants Michael Ciccone, Steven Kolbe, Coplay Quarry, LLC and Coplay Aggregates, Inc. and respectfully pray that the Court:

(a) award Plaintiffs actual damages, including nominal, compensatory and/or consequential damages, in an amount to be determined at trial;

(b) award Plaintiffs pre-and post-judgment interest in an amount to be determined at trial; and

(c) award Plaintiffs such other and further relief as the Court may deem equitable, just and proper, including the award of costs, expenses, and reasonable attorneys' fees incurred by plaintiff in this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues raised in the complaint.

Dated: June 18, 2008                 **FLASTER/GREENBERG P.C.**

By:    /s/ J. Philip Kirchner, Esq.
         J. Philip Kirchner, Esq.
         (Pa. I.D. No. 41306)
         Albert M. Belmont, III, Esq.
         (Pa. I.D. No. 84817)
         1810 Chapel Avenue West, 3rd Floor
         Cherry Hill, New Jersey 08002-4609
         Phone: (856) 661-1900
         Fax:    (856) 661-1919
         phil.kirchner@flastergreenberg.com
         albert.belmont@flastergreenberg.com
         *Attorneys for Plaintiffs James Sanford, Corsan Technologies, Inc. and Elite Management, Inc.*